FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

DEC 26 2006

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,  Respondent,  -vs-  CHARLES HARRISON BARBEE,  Petitioner. | NO. CR-96-0258-WFN  ORDER |

Before the Court for hearing without oral argument is Mr. Barbee's Pro Se Motion Pursuant to Federal Rule of Civil Procedure 60(b)(4) To Vacate his Judgment as Void, filed December 4, 2006 (Ct. Rec. 337). The Court has reviewed the file and the Motion and is fully informed. For the reasons stated below, the Motion is denied.

## BACKGROUND

Mr. Barbee was indicted on December 5, 1996 (Ct. Rec. 22). A Superseding Indictment was filed April 9, 1997 (Ct. Rec. 135). Mr. Barbee and three co-defendants were charged with twelve counts including conspiracy to destroy a newspaper office and a Planned Parenthood office, two counts of bank robbery with the use of dangerous weapons, use and carrying of a destructive device during and in relation to crimes of violence, transportation of stolen vehicles across state lines, and possession of unregistered firearms in violation of 18 U.S.C. § 844(I), 924(c)(1), 2113(a) and (d), 2312 and 26 U.S.C. § 5861(d).

ORDER - 1

A first trial commenced on March 3, 1997. On April 4, 1997 Mr. Barbee was found guilty of Counts 1, 10 - 12 and no decision was reached by the jury on Counts 2 - 9 (Ct. Rec. 129). A mistrial was declared on April 8, 1997 (Ct. Rec. 132). A second trial commenced on June 19, 1997. The jury returned guilty verdicts on Counts 2 - 9 on July 23, 1997 (Ct. Rec. 240). Mr. Barbee was sentenced to life imprisonment on November 4, 1997. See Judgment filed 11/5/1997, Ct. Rec. 286.

During the proceedings, Mr. Barbee filed an interlocutory appeal of the Court's Order denying his motion to dismiss for violation of double jeopardy. See Order filed 6/5/1997, Ct. Rec. 188. The Ninth Circuit affirmed in a mandate filed February 2, 1998 (Ct. Rec. 326). Mr. Barbee also appealed his conviction and sentence. The Ninth Circuit affirmed in a mandate filed June 21, 1999 (Ct. Rec. 336). Mr. Barbee did not file a Motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence.

## DISCUSSION

Mr. Barbee's current Motion is filed pursuant to Federal Rule of Civil Procedure 60(b)(4). He seeks to vacate his judgement as void. Mr. Barbee argues that his indictment, judgment, and commitment are invalid because Title 18 was never legally enacted as law. He further argues that 18 U.S.C. § 3231 is unconstitutional, the government failed to establish an interstate commerce nexus on his conviction under 18 U.S.C. § 2113, that the Federal Register Act and Administrative Procedures Act were violated because 18 U.S.C. § 2113 and 3231 were never published and are void, and that this Court lacked jurisdiction because the state had not ceded the land where the crimes occurred to the United States.

A post conviction remedy for federal prisoners attacking a sentence is provided in 28 U.S.C. § 2255. The statute provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,

may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (West 2006). Section 2255 provides an exclusive remedy for the federal prisoner with limited exceptions which are not alleged in this case. *See e.g. Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002)("A person in custody may seek relief pursuant to 28 U.S.C. § 2255. Because the more usual remedy of a habeas petition is available, the writ of error *coram nobis* is not."); *United States v. Pirro,* 104 F.3d 297, 299 (9th Cir. 1997)(a federal prisoner may not seek relief pursuant to 28 U.S.C. § 2241, if the prisoner may seek relief from section 2255, and that remedy is neither "inadequate or ineffective to test the legality of his detention"); *United States v. Valdez-Pacheco,* 237 F.3d 1077, 1079 (9th Cir. 2001)(federal prisoner "may not challenge a conviction or sentence by way of a petition for a writ of *audita querela* when that challenge is cognizable under § 2255 because, in such a case, there is no 'gap' to fill in the post conviction remedies.").

Here, Mr. Barbee is in custody under a sentence of this Court and he claims the right to be released because his indictment, judgment and commitment are asserted to be illegal. His post-conviction remedy is found in 28 U.S.C. § 2255 not the Federal Rule of Civil Procedure 60(b). Thus, his motion pursuant to Federal Rule of Civil Procedure 60(b) must be denied. Accordingly,

**IT IS ORDERED** that:

1. Mr. Barbee's Pro Se Motion Pursuant to Federal Rule of Civil Procedure 60(b)(4) To Vacate his Judgment as Void, filed December 4, 2006 ,**Ct. Rec. 337 is DENIED.**

2. The District Court Executive shall:

- file this Order;

- provide copies of the Order to Mr. Barbee and counsel of record; and

- provide Mr. Barbee with a 28 U.S.C. § 2255 form.

ORDER - 3

DATED this 26th day of December 2006.

                                         WM. FREMMING NIELSEN
                                 SENIOR UNITED STATES DISTRICT JUDGE

12-26

ORDER - 4