Matthew Campbell
Federal Defenders of Eastern Washington & Idaho
10 North Post, Suite 700
Spokane, Washington 99201
(509) 624-7606

Attorneys for Defendant
Charles Harrison Barbee

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
The Honorable Wm. Fremming Nielsen

| | |
|---|---|
| United States of America, <br><br> Plaintiff, <br><br> v. <br><br> Charles Harrison Barbee, <br><br> Defendant. | No. 2:96-CR-00258-WFN-1 <br><br> **Supplemental Briefing** |

On June 17, 2016, Mr. Barbee filed a motion pursuant to 28 U.S.C. § 2255. (ECF No. 381). That motion challenged his convictions pursuant to 18 U.S.C. § 924(c) reflected in Counts 3, 5, 7, and 9. (ECF No. 456 No. 6). That challenge was based largely on the Supreme Court decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). (ECF No. 381 at 6-13).

On June 24, 2019, the Supreme Court filed its decision in *United States v. Davis*, 139 S.Ct. 2319 (2019). In *Davis*, he Supreme Court held that the residual clause of 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague.

Supplemental Briefing

1

On June 25, 2019, Mr. Barbee filed a motion to lift the stay in this case. (ECF No. 396). On July 1, 2019, the Court granted that motion, and ordered supplemental briefing by the parties. (ECF No. 397).

After full briefing, the Court subsequently granted Mr. Barbee's motion in part, and denied it in part. (ECF No. 407). The Court ordered supplemental briefing regarding resentencing procedures, and this briefing is submitted pursuant to that order. (ECF No. 407 at 4).

## I. Procedural posture

The Court previously sentenced Mr. Barbee as follows

| | |
|---|---|
| Count 1 (conspiracy) | 60 months |
| Count 2 (arson) | 168 months |
| Count 3 (use of a firearm during arson) | **360 months** |
| Count 4 (armed bank robbery) | 168 months |
| Count 5 (use of a firearm during bank robbery) | **life** |
| Count 6 (arson) | 168 months |
| Count 7 (use of a firearm during arson) | **life** |
| Count 8 (armed bank robbery) | 168 months |
| Count 9 (use of a firearm during armed bank robbery) | **240 months** |
| Count 10 (transportation of a stolen vehicle) | 120 months |

Supplemental Briefing

2

Count 11 (transportation of a stolen vehicle)   120 months

Count 12 (possession of an unregistered grenade)   120 months

The use of a firearm counts were ordered to run consecutively (reflected above **in bold**) while the other counts were ordered to run concurrently. Thus, Mr. Barbee's sentence could be expressed as 168 months + 360 months + life + life +240 months, for a total of 768 months + life + life.

The Court's ruling set aside the 360 month sentence reflected in Count 3, and the life sentence in Count 7. Although it might appear on first glance that the life sentence in Count 5 and 240 month sentence in Count 9 remain in force (thus rendering the remaining sentence at 168 months + 240 months +life), such an interpretation is incorrect.

## II. A new sentencing hearing is required on all counts based on the sentencing package and unbundling doctrines

Under habeas corpus jurisdiction conferred by 28 U.S.C. § 2255, the district court has "broad and flexible power in its actions following a successful § 2255 motion." *United States v. Handa*, 122 F.3d 690, 691 (9th Cir. 1997)(*citing United States v. Davis*, 112 F.3d 118, 121 (3d Cir. 1997)). *See also, e.g., United States v. Ruiz-Alvarez,* 211 F.3d 1181, 1184 (9th Cir. 2000). This power allows a court to change punishments previously handed down under the theory of a "sentencing package":

> The court construes the multiple sentences given a defendant convicted of more than one count of a multiple count indictment as 'a package,' reflecting the likelihood that the sentencing judge will have attempted to impose an overall punishment taking into account the nature of the crimes and certain characteristics of the criminal. When part of the sentence is set aside as illegal, the package is 'unbundled.' After the unbundling the district court is free to put together a new package reflecting its considered judgment as to the punishment the defendant deserves for the crimes of which [she] is still convicted.

*United States v. Handa, supra*, at 692. *United States v. McClain*, 133 F.3d 1191, 1193 (9th Cir. 1998), confirms that district courts have jurisdiction to resentence as they deem appropriate.

The Ninth Circuit treats a sentence imposed on multiple counts as a "package." *United States v. Moreno-Hernandez*, 48 F.3d 1112, 1116 (9th Cir. 1995)(noting that on remand "court was free to reconsider the entire 'sentencing package' and to restructure the sentences") (*citing United States v. Jenkins*, 884 F.2d 433, 441 (9th Cir. 1989)). Where a defendant is sentenced on multiple counts – as is the case here -- and one or more counts are overturned on appeal, the sentencing "package" comes "unbundled," and the district court has the authority to resentence as it sees fit. *See Ruiz-Alvarez*, 211 F.3d at 1184. The logic is simple - the resentencing court should be able to "put together a new package reflecting its considered judgment as to the punishment the defendant deserve[s] for the crimes of which he [i]s still convicted." *United States v. McClain*, 133 F.3d 1191, 1193 (9th Cir. 1998). Therefore, this Court should order a full resentencing on the remaining counts. *Dean v. United States*, --- U.S. ---, 137 S. Ct. 1170 (2017) (under sentencing doctrine package, when counts were

sentenced together as a package and one conviction is subsequently invalidated, court has authority to vacate the entire sentence and begin the sentencing process anew).

Mr. Barbee is entitled to be present at his sentencing hearing. He requests that the Court respect his right to be physically present at sentencing.

### III. Mr. Barbee is entitled to a plenary resentencing hearing under current law

On December 18, 2018, Congress enacted the First Step Act ("the Act"). Section 403 of the Act revised § 924(c)(1)(C) by providing that the higher penalty for a "second or subsequent count of conviction" under § 924(c) is triggered only if the defendant has a prior § 924(c) conviction that has become final. Further, the Act provides that the amendments to § 924(c) shall apply to any offense that was committed before the date of enactment of the Act if a sentence for the offense has not been imposed as of such date of enactment. *See* First Step Act of 2018, Pub.L.No. 115-391, § 403(a), 132 Stat. 5194, 5221-22.

At his upcoming resentencing hearing, Mr. Barbee is entitled to the benefit of Section 403 of the First Step Act of 2018, Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5221-22 ("the First Step Act"), enacted December 18, 2018. He is entitled to the benefit of that section because plenary sentencing hearings are conducted based upon the current state of the law.

That section of the First Step Act reads as follows:

**SEC. 403. CLARIFICATION OF SECTION 924(c) OF TITLE 18, UNITED STATES CODE.**
    (a) IN GENERAL.—Section 924(c)(1)(C) of title 18, United States Code, is amended, in the matter preceding clause (i), by striking "second or subsequent conviction under this subsection" and inserting "violation of this subsection that occurs after a prior conviction under this subsection has become final".
    (b) APPLICABILITY TO PENDING CASES.—This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.

This clarifying section is critical here. Mr. Barbee had no prior convictions for section 924(c) violations. Therefore, if applicable, section 403 dictates that Mr. Barbee is not subject to enhanced penalties for section 924(c) violations.

The Supreme Court has made clear that a plenary resentencing is conducted on a blank slate. *See Pepper v. United States*, 562 U.S. at 507 (court of appeals' decision setting aside Pepper's entire sentence and remanding case for a de novo resentencing "effectively wiped the slate clean"). Mr. Barbee is entitled to application of the First Step Act at his upcoming *de novo* sentencing hearing. Where a conviction is vacated and remanded for resentencing, the district court must "sentence the defendant as he stands before the court on the day of sentencing." *United States v. Quintieri*, 306 F.3d 1217, 1228-30 (2d Cir. 2002) quoting *United States v. Bryson*, 229 F.3d 425, 426 (2d Cir. 2000). " '[A] court's duty is always to sentence the defendant as he stands before the court on the day of sentencing.' " *Quintieri*, 306 F.3d at 1230 (*quoting United States v.*

*Bryson*, 229 F.3d 425, 426 (2d Cir. 2000) (*per curiam*)). This is true whether a conviction is vacated after a successful direct appeal or a successful 28 U.S.C. § 2255 petition. *United States v. Gordils*, 117 F.3d 99, 102 (2d Cir. 1997).

"The general rule is that a defendant should be sentenced under the law in effect at the time of sentencing." *United States v. Grimes*, 142 F.3d 1342, 1351 (11th Cir. 1998) (*citing, inter alia*, *United States v. Guardino*, 972 F.2d 682, 687 (6th Cir. 1992)). As relevant here, however, this general rule has been interpreted to mean that an intervening change in statutory law applies at a resentencing even though the change in law was not the basis for reversal or vacatur. *See, e.g., United States v. Hinds*, 713 F.3d 1303, 1304 (11th Cir. 2013) (*per curiam*) (the Fair Sentencing Act applies to defendants whose offenses occurred prior to August 3, 2010, the date on which the statute took effect, but who were resentenced after August 3, 2010); *United States v. Flanagan*, 80 F.3d 143, 144 (5th Cir. 1996) ("safety valve" provision, 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2, enacted after defendant's original sentencing, applied to resentencing on remand); *see generally Quintieri,* 306 F.3d at 1230 ("[E]ven when a remand is limited, an issue may be raised if it arises as a result of events that occur after the original sentence.") (*citing Bryson*, 229 F.3d at 426 (holding that even when the remanding opinion ordered resentencing at a specific offense level, the district court could depart from this level if there were "intervening circumstances"); other citation omitted)). Specifically, an intervening change in statutory law applies at a resentencing after

Supplemental Briefing

7

direct appeal or on collateral review although the change in law was not the basis for reversal or vacatur. *See, e.g., United States v. Hinds*, 713 F.3d 1303, 1304-05 (11th Cir. 2013) (Fair Sentencing Act ("FSA") applies on resentencing after direct appeal); *United States v. Hudson*, 685 F.3d 1260, 1260-61 (11th Cir. 2012 (en banc) (FSA applies to all defendants resentenced on collateral review); *United States v. Flanagan*, 80 F.3d 143, 144 (5th Cir. 1996) (safety valve statute, enacted after defendant was first sentenced, applies at resentencing after direct appeal); *United States v. Polanco*, 53 F.3d 893, 898 (8th Cir. 1995) (directing district court to apply new safety valve statute on remand after direct appeal).

Although the application of § 403 of the First Step Act is a relatively new issue, the Second Circuit has intimated, in dicta, that § 403 applies on remand. *United States v. Brown*, 935 F.3d 43, 48 & n.1 (2d Cir. 2019) ("Resentencing will also afford Brown the opportunity to argue that he should benefit from section 403(b) of the First Step Act of 2018.")). District courts addressing the issue have concluded that Section 403 of applies on remand. *See, e.g., United States v. Jackson*, No. 1:15 CR 453-001, 2019 WL 2524786, at *1 (N.D. Ohio June 18, 2019)("The Court finds that the express language in Section 403(b) demonstrates Congress's intent to apply the Section 924(c) penalty provisions retroactively."); *See also id.* at *2 (internal citation omitted):

> Congress is presumed to enact laws with a full understanding of "background" legal principles. One such background principle is the nature of general remands for re-sentencing. When a court of appeals remands a case for re-sentencing, the district court begins anew. . . . Thus,

Supplemental Briefing

8

> although this Court may have "imposed" a sentence prior to the First Step Act's enactment, that sentence was in essence vacated upon the Sixth Circuit's decision to vacate the conviction and remand for re-sentencing. . . . It makes little sense to interpret Section 403(b) in a manner that prevents a defendant from the application of an expressly retroactive amendment based on a sentence that became, in essence, a nullity.

*See also United States v. Uriarte*, No. 09-CR-332-03, 2019 WL 1858516, at *1-*2 (N.D. Ill. Apr. 25, 2019) (holding that § 403(a) of the First Step Act applies retroactively, concluding, "When a case is remanded for a general resentencing, the court writes 'on a clean slate' when fashioning the sentence.")).

### IV. The current sentencing posture

Based upon the sentencing packaging and unbundling doctrine, as discussed *ante*, Mr. Barbee is subject to resentencing on the following counts, now that Counts 3 and 7 have been vacated:

Count 1 (conspiracy)

Count 2 (arson)

Count 4 (armed bank robbery)

Count 5 (use of a firearm during bank robbery)

Count 6 (arson)

Count 8 (armed bank robbery)

Count 9 (use of a firearm during armed bank robbery)

Count 10 (transportation of a stolen vehicle)

Supplemental Briefing

1. Count 11 (transportation of a stolen vehicle)

2. Count 12 (possession of an unregistered grenade)

Regarding Counts 5 and 9, however, because section 403 of the First Step Act applies, Mr, Barbee is not subject to sentencing for second or subsequent convictions.

## V. Conclusion

For all these reasons, Mr. Barbee respectfully requests that the Court schedule a re-sentencing hearing in accordance with the arguments raised herein. Mr. Barbee also requests that the Court order that a new Presentence Investigation Report be prepared which reflects the dismissal of counts, and is updated to reflect his prison record and any other changes in Part C.

Dated : November 22, 2019

By *s/ Matthew Campbell*
Matthew Campbell, WA 38696
Federal Defenders of Eastern
Washington and Idaho
10 North Post, Suite 700
Spokane, Washington 99201
(509) 624-7606
Matt_Campbell@fd.org

## Certificate of Service

I hereby certify that on November 22, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Joseph H. Harrington, United States Attorney.

*s/ Matthew Campbell*
Matthew Campbell
