Matthew Campbell
Federal Defenders of Eastern Washington & Idaho
10 North Post, Suite 700
Spokane, Washington 99201
(509) 624-7606

Attorneys for Defendant
Robert Sherman Berry

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
The Honorable Wm. Fremming Nielsen

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Verne Jay Merrell,<br>Charles Harrison Barbee,<br>Robert Sherman Berry, and<br>Brian Ratigan,<br><br>    Defendant. | No. 2:96-CR-00257-WFN-1<br>   2:96-CR-00258-WFN-1<br>   2:96-CR-00259-WFN-1<br>   2:97-CR-00066-WFN-1<br><br>**Consolidated reply to government briefs addressing resentencing proceedings** |

The government filed a consolidated brief addressing resentencing procedures for Mr. Merrell, Mr. Barbee and Mr. Berry (hereinafter "consolidated brief"), and a separate brief addressing resentencing procedures for Mr. Ratigan (hereinafter "Ratigan brief"). Those briefs raise fundamental concerns of due process and basic fairness, which necessitate this reply.

## I. The government's inconsistent positions place the cart before the horse in violation of due process

The government begins the introduction to both briefs by stating that the defendants pose a grave danger to the public. (Consolidated brief at 1; Ratigan brief at 2). This opening salvo betrays the government's primary concern – that these defendants receive as long a sentence as the government can get for them.

The government can raise its **substantive** concern at a resentencing hearing, But the Court did not ask the parties to address substantive sentencing in simultaneous briefs. Instead, the Court ordered the parties "to address resentencing procedures … The parties shall address if resentencing is required, and if so, on which counts, and any other procedural issues that the parties would like the Court to consider." (*See, e.g.,* Case No. 96-CR-250-WFN at 4). There is nothing procedural about that governmental substantive concern. Substantive concerns are irrelevant in setting resentencing procedures.

The desire for a life sentence drives the government's procedural arguments to an impermissible location – inconsistent positions. Regarding Mr. Merrell, Mr. Barbee and Mr. Berry, the government first opines that the Court has the discretion to modify the sentences by simply striking the vacated counts of conviction or sentence them anew (consolidated brief at 1-2), while arguing that the Court "should" sentence Mr. Ratigan anew by restructuring his entire sentence. (Ratigan brief at 1).

These positions are obviously inconsistent. Placing the option of simply amending the judgments first in the consolidated brief clearly suggests that the government prefers that option for Mr. Merrell, Mr. Barbee and Mr. Berry. The government only lists the option of resentencing anew as an alternative, which clearly indicates that doing so is not a preferred option.

The government does not explain in the argument section of the consolidated brief why its inconsistent positions are appropriate. Nor does the government do so in the Ratigan brief. But the reason for those inconsistent positions is all too obvious. The government believes that since these defendants pose "a grave danger to the public," the Court should adopt inconsistent **procedures** in order to ensure the government receives lengthy sentences in each case. The ends do not justify the means.

Simple math demonstrates the government's true motives. As set forth in the various defendants' briefing on resentencing **procedures**, after excising the reversed section 924(c) convictions, before resentencing, the remaining sentences on each defendants' judgments are as follows

    Mr. Barbee --       768 months + life + life

    Mr. Berry –        862 months + life + life

    Mr. Merrell --      768 months + life + life

    Mr. Ratigan --       303 months

It is no accident that the government wants to employ inconsistent positions. The government thinks that multiple life sentences are enough for Mr. Barbee, Mr. Berry and Mr. Merrell, but does not think 303 months is enough for Mr. Ratigan (who counsel understands has completed, or virtually completed, serving that sentence). The government decides what sentences are appropriate first, and then suggests inconsistent procedures designed to achieve those sentences. The government's response is thus not responsive to the goals of the Court's order – namely, that fair procedures be developed **before** the parties present their substantive arguments, in order to try to arrive at a substantively reasonable sentence. But as discussed above, the government's concern is purely **substantive** and not **procedural.**

In *Alice in Wonderland*, the Queen of Hearts commanded "Sentence first – verdict afterwards." The government's position of "sentence first – procedures afterwards" fares no better.

### II. The government's proposed procedures for Mr. Merrell, Mr. Barbee and Mr. Berry result in an unlawful sentence

Simply excising the sentences for counts three and seven, as advocated by the government, would result in an illegal sentence. A review of the sentences Mr. Merrell, Mr. Barbee and Mr. Berry received on Counts 5 and 9 for violations of section 924(c) demonstrates as much.

Each of these three defendants received a life sentence on Count 5 (§924(c) count for use of a destructive device during a bank robbery) and a 240-month sentence on Count 9 (use of a firearm during a bank robbery). The life sentence on Count 5 was only legally permissible because at the time it was imposed, Count 5 was a "second or subsequent conviction" to Count 3. Because the conviction on Count 3 has been vacated and the count itself has been dismissed, Count 5 is no longer "second or subsequent" to anything. The life sentence on Count 5 is illegal and resentencing must occur.

The sentence on Count 9 must similarly be vacated as illegal. As set forth in the supplemental briefing submitted by Mr. Barbee, Mr. Berry and Mr. Merrell (at pages 5-9), the First Step Act applies on resentencing. Pursuant to section 403 of the First Step Act, a section 924(c) conviction is no longer considered a second or subsequent conviction unless a defendant has previously been convicted of a section 924(c) offense and then commits another section 924(c) offense after that first conviction becomes final. In other words, offenses contained in a single indictment are not second or subsequent to one another. Since the First Step Act applies to this case, the 240-month sentence on Count 9 is also illegal. Resentencing on this count is mandated as well.

### III. The government's inconsistent resentencing proposals ignore important sentencing factors including post-offense rehabilitation

As discussed herein, using substantive arguments to support inconsistent procedures is an invalid framework. But even if that were not so, the government's substantive position is based on a flawed premise. The government assumes, without evidence, that the defendants pose the same danger today that they did over twenty years ago when they were first sentenced. Perhaps more importantly, making that assumption violates the law and purposes of federal sentencing.

In *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008)(*en banc*), the Ninth Circuit held that "[t]he overarching statutory charge for a district court is to 'impose a sentence sufficient, but not greater than necessary' to" comply with 18 U.S.C. § 3553(a)'s sentencing factors. The § 3553(a) "factors are to be applied parsimoniously - the sentence must be 'sufficient, but not greater than necessary, to comply with the purposes' of punishment." *United States v. Barsumy*, 517 F.3d 1154, 1157-58 (9th Cir. 2008). "A substantively reasonable sentence is one that is 'sufficient, but not greater than necessary' to accomplish" § 3553(a)'s sentencing goals. *United States v. Crowe*, 563 F.3d 969, 977 n.16 (9th Cir. 2009). "[t]he touchstone of '[substantive reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012)(*en banc*).

Most critically for these cases, in *Pepper v. United States*, 562 U.S. 476 (2011) the Supreme Court held that post-offense rehabilitation is a critical factor that district court's should consider when determining an appropriate sentence under § 3553(a). *Pepper* instructed district courts to use "'the fullest information possible concerning the defendant's life and characteristics'" when determining an appropriate punishment to "'fit the offender and not merely the crime.'" *Id.* at 487-88 (*quoting Williams v. New York*, 337 U.S. 241, 246-47 (1949)). Because rehabilitation is "highly relevant to several" § 3553(a) factors - including "the history and characteristics of the defendant" under § 3553(a)(1), and § 3553(a)(2)'s rehabilitative goals - *Pepper* concluded that rehabilitation will often "critically inform a sentencing judge's overarching duty" to impose a sentence sufficient, but not greater than necessary to further § 3553(a)'s purposes. *Id.* at 491.

Wholly apart from the faulty nature of the government's "substance first, procedure later" argument, the government's substantive arguments violate the law. The government's substantive sentencing position is based on a factual basis from over twenty years ago. Much has happened in the intervening decades. And yet the government suggests that the Court ignore the facts from those intervening decades, make a substantive judgment based on an outdated factual record more than twenty years old, and then determine procedures to fit its view of that outdated factual record.

The government's suggested procedures violate *Pepper v. United States, ante.* The *Pepper* Court made clear that in order to make substantive determinations as to what

sentence is sufficient but not greater than necessary, the Court must consider evidence of post-offense rehabilitation. These defendants have had more than twenty years to engage in programming, treatment, study and other rehabilitation efforts. Moreover, they have had more than twenty years to demonstrate good behavior while incarcerated. *Pepper* requires this Court to consider all this evidence before making a substantive judgment as to an appropriate sentence.

The government asks the Court to make a substantive judgment before it makes a procedural judgment – both of which necessarily violate *Pepper*. The government advocates rendering a substantive judgment without evidence of post-offense rehabilitation, likely leading to a substantively unreasonable sentence. The government also advocates procedures which foreclose the defendants' opportunity to present evidence of post-offense rehabilitation, and prevent this Court from fully considering the section 3553(a) factors as discussed in *Pepper*. The government's suggested procedures are both substantively and procedurally unlawful.

**IV.     Conclusion**

The government places the cart before the horse when it asks the Court to make substantive judgments before determining the procedures for those substantive judgments. The ends don't justify the means, and the Court should not accept the government's proposal to adopt whatever procedures will ensure lengthy sentences.

The absurdity of the government's proposals is demonstrated by the inconsistent procedures those proposals lead to.

The government's proposals would also result in illegal sentences, since the defendants no longer are subject to sentencing for second or subsequent section 924(c) convictions. The government's proposals are unlawful because they violate *Pepper v. United States*, and would lead to both procedurally and substantively unreasonable sentences.

For all these reasons, the Court should conduct new sentencing hearings as set forth in the defendants' briefing regarding sentencing procedures.

Dated: December 5, 2019.

                                 By *s/ Matthew Campbell*
                                        Matthew Campbell, WA 38696
                                        Federal Defenders of Eastern Washington and Idaho
                                        10 North Post, Suite 700
                                        Spokane, Washington 99201
                                        (509) 624-7606
                                        Matt_Campbell@fd.org

**Certificate of Service**

I hereby certify that on December 5, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Joseph H. Harrington, United States Attorney.

<u>*s/ Matthew Campbell*</u>
Matthew Campbell