FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 03, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>-vs-<br><br>CHARLES HARRISON BARBEE,<br><br>Defendant. | No.   2:96-CR-0258-WFN-1<br><br>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE |

      Now pending before the Court is Charles Harrison Barbee's Motion to Reduce Sentence under § 3582(c)(1)(A). ECF No. 517. Mr. Barbee argues there are extraordinary and compelling reasons to reduce his sentence of imprisonment because (1) his attorney failed to properly advise the Court on the availability of relief under Section 3582(c)(1)(A) at the most recent resentencing; (2) his co-defendant received a lower sentence; (3) he almost qualifies for relief under Section 3582(c)(1)(A)(ii); and (4) he has demonstrated extraordinary rehabilitation. The Court denies the Motion because Mr. Barbee has not shown extraordinary and compelling reasons to reduce his sentence.

      In 1996, Mr. Barbee and his co-Defendants engaged in a series of bombings and bank robberies in Spokane. ECF No. 490 ¶¶ 21–46. They detonated bombs in a Spokesman Review office, a Planned Parenthood clinic, and a retail branch of U.S. Bank. They also left written messages promoting their white-supremacist, antigovernment ideology at the scenes of their crimes. *Id.* When Mr. Barbee and his coconspirators were arrested, they had grenades, improvised explosive devices, flak jackets, numerous firearms including fully automatic weapons, armor piercing ammunition, and stolen vehicles. *Id.*

      After two jury trials, Mr. Barbee was convicted of Possession of Unregistered Grenades, Interstate Transportation of a Stolen Motor Vehicle, Arson, Armed Bank

ORDER - 1

Robbery, Conspiracy, and four violations of 18 U.S.C. § 924(c), which criminalizes the use of destructive devices and firearms in crimes of violence. Mr. Barbee was sentenced to consecutive terms of imprisonment for fourteen years, twenty years, thirty years, and two lifetimes. ECF No. 286.

In 2020, Mr. Barbee petitioned to vacate his Section 924(c) convictions. ECF No. 381. After Mr. Barbee was convicted, the Supreme Court had determined the residual clause in the definition of "crime of violence" in Section 924(c)(3)(B) was unconstitutionally vague. *See Davis v. United States*, 588 U.S. 445, 448 (2019). Therefore, Arson could no longer serve as a predicate offense for a Section 924(c) conviction. *See* ECF No. 405 at 16. The Court granted Mr. Barbee's petition in part and vacated the two Section 924(c) convictions that were predicated on Arson. ECF No. 407.

The Court then resentenced Mr. Barbee in early 2021. ECF No. 451. At resentencing, the Court applied the version of Section 924(c) that existed when Mr. Barbee was first sentenced, before Section 924(c) was amended by the First Step Act of 2018. ECF No. 460 at 9:24–10:19.

Mr. Barbee appealed his sentence, arguing that the Court should have applied the amended version of Section 924(c). The Ninth Circuit agreed with Mr. Barbee. It vacated the 2021 sentence and remanded for resentencing after determining the Court should have applied the amended version of Section 924(c). ECF No. 479.

At the second resentencing in late 2022, the Court sentenced Mr. Barbee to a total of forty years of imprisonment, comprised of consecutive sentences of five years, five years, and thirty years. ECF No. 499. Mr. Barbee received the statutory minimum on the two Section 924(c) counts and a below-guideline sentence on the remaining counts. *Id.*

At the time of the second resentencing, Mr. Barbee moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(ii), which allows early release in some circumstances if a defendant is at least seventy years of age and has served at least thirty years of his sentence. ECF No. 488. Although Mr. Barbee had not yet served thirty years of his sentence, he argued that he had served thirty years if his good time credit were counted toward the requirement.

ORDER - 2

*Id.* The Court denied the motion because relief was only available under Section 3582(c)(1)(A)(ii) if the defendant had served at least thirty years of his sentence, and Mr. Barbee's good time credit could not be counted toward that requirement. ECF 501. However, the Court invited Mr. Barbee to reapply if his health deteriorated or once he had served thirty years of his sentence. *Id.*

Although Mr. Barbee has still not served thirty years of his sentence, he moves for relief now under Section 3582(c)(1)(A)(i) arguing there are extraordinary and compelling reasons to reduce his sentence.

## DISCUSSION

The Court may reduce a sentence under 18 U.S.C. § 3582(c)(1)(A)(i) if (1) there are "extraordinary and compelling reasons" to do so,[1] (2) the reduction is appropriate considering the factors set forth in 18 U.S.C. § 3553(a), and (3) the reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A); *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022). Prisoners must satisfy all three conditions to obtain compassionate release. *Wright*, 46 F.4th at 945. If any condition is not met, compassionate release must be denied. *Id.*

Before moving for compassionate release, a prisoner must first exhaust their administrative remedies by asking the Bureau of Prisons [BOP] to move for compassionate release on their behalf. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). Once thirty days have lapsed from the warden's receipt of the prisoner's request, the prisoner has satisfied the exhaustion requirement. *Keller*, 2 F.4th at 1281.

---

[1] Instead of establishing "extraordinary and compelling reasons," defendants may show that they are at least seventy years of age, have served at least thirty years of their sentence, the Director of the BOP has determined they are not a danger to any person or the community, and the § 3553(a) factors weigh in favor of reduction. 18 U.S.C. § 3582(c)(1)(A). Because Mr. Barbee has not served thirty years, this route is unavailable, and he must demonstrate extraordinary and compelling reasons for reducing his sentence. *See id.*

ORDER - 3

**I. Mr. Barbee satisfied the exhaustion requirement.**

Mr. Barbee satisfied the exhaustion requirement by submitting his request for compassionate release to the warden at least thirty days before filing the instant Motion. ECF No. 517-1. Therefore, the Court will consider the merits of his request.

**II. Mr. Barbee has not demonstrated extraordinary and compelling reasons to reduce his sentence.**

Mr. Barbee argues there are four reasons to reduce his sentence that, taken together, are extraordinary and compelling.

First, Mr. Barbee argues that the First Step Act's amendments to the penalties in Section 924(c) can be an extraordinary and compelling reason for compassionate release under *United States v. Chen*, 48 F.4th 1092 (9th Cir. 2022). ECF No. 517 at 17–18. The Court rejects this argument because Mr. Barbee already received the benefit of the First Step Act's amendments at the second resentencing. *See* ECF No. 479. For the first time in his reply, Mr. Barbee explains the parties should have informed the Court at the 2022 resentencing that it could grant Mr. Barbee compassionate release motion under *Chen* instead of resentencing him. ECF No. 520 at 3–5. According to Mr. Barbee, his previous counsel's failure to inform the Court of this option is a reason to reduce his sentence. *Id.* The Court rejects this argument as well. When the Ninth Circuit vacated Mr. Barbee's sentence it "remand[ed] for resentencing." ECF No. 479 at 15. The Court would have proceeded with resentencing even if previous counsel had cited *Chen*.

Second, Mr. Barbee argues his sentence should be reduced because it is greater than that of his co-Defendant, Robert Berry. ECF No. 517 at 18–19. But Mr. Berry was granted compassionate release because he had a life-threatening medical condition that was not being treated. 2:06-CR-0259, ECF No. 542. Mr. Berry's medical condition and rehabilitation were extraordinary and compelling reasons to reduce his sentence. *See id.* Therefore, the difference between Mr. Barbee's sentence and Mr. Berry's sentence is warranted.

Third, Mr. Barbee argues his sentence should be reduced because he is almost eligible for relief under Section 3582(c)(1)(A)(ii), which allows early release in some

ORDER - 4

circumstances for defendants who have served at least thirty years of their sentence and are at least seventy years of age. ECF No. 517 at 19–20. As discussed above, Mr. Barbee does not qualify for relief under this section because although he is over seventy, he has not yet served thirty years of his sentence. Mr. Barbee's age and time served are not extraordinary circumstances.

Fourth, Mr. Barbee argues that his rehabilitation has been extraordinary. ECF No. 517 at 20–21. The Court agrees that Mr. Barbee's rehabilitation has been extraordinary. At the resentencing hearing, the Court remarked that Mr. Barbee appeared to be entirely rehabilitated. ECF No. 460 at 54:2–11. While incarcerated, Mr. Barbee eventually came to renounce his wrongful actions and became a model inmate. ECF No. 460 at 25:5-27:5, 33:7–40:12, 46:2–54:1; ECF No. 490 ¶¶ 58–64. He takes classes and consistently works in the office of a Unicor factory as an accounting clerk where he requires minimal supervision. ECF No. 440-2. Mr. Barbee's former manager at the Unicor factory, Karl Sikole, voluntarily testified on Mr. Barbee's behalf. ECF No. 460 at 25:5–27:5. Mr. Sikole recently retired after working with the BOP for twenty-six years. *Id.* at 26:19-25. He testified, in part: "I truly believe that [Mr. Barbee is] rehabilitated, and I would be happy to have him as a neighbor if he were to get out. I have no reservation with that at all." *Id.* at 26:15–18. Mr. Sikole said he had "never felt compelled to speak on anyone's behalf like" that before. *Id.* at 14–15. Although the Court concludes that Mr. Barbee's rehabilitation is complete, "[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). And while the Court may consider rehabilitation in combination with other reasons for release, the other reasons are just not present in this case.

Because Mr. Barbee has not shown extraordinary and compelling reasons to reduce his sentence, the Motion must be denied. The Court has reviewed the file and Motion and is fully informed. Accordingly,

**IT IS ORDERED** that Mr. Barbee's Motion to Reduce Sentence under § 3582(c)(1)(A), filed April 3, 2024, **ECF No. 517**, is **DENIED**.

ORDER - 5

The District Court Executive is directed to file this order and provide copies to counsel.

**DATED** this 3rd day of May, 2024.

*[signature]*

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

04-24-24

ORDER - 6